**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CENTER FOR BIOLOGICAL DIVERSITY,
a nonprofit corporation,

Plaintiff,

v.

U.S. ARMY CORPS OF ENGINEERS,

Defendant.

Case No: 3:18-cv-1434

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. In this civil action for declaratory and injunctive relief, Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("Center")—an environmental conservation organization that works to protect native wildlife species and their habitats—sues over the failure of Defendant UNITED STATES ARMY CORPS OF ENGINEERS ("Army Corps" or "agency"), to comply with the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, as amended ("FOIA"), in order to compel the Army Corps to disclose records that have been unlawfully withheld and/or unreasonably delayed after a FOIA request.

2. FOIA requires that federal agencies respond to public requests for records, to increase public understanding of the workings of government and access to government information. The records sought by the Plaintiff concern the Army Corps' decision to extend until 2025 its 2008 Lake Okeechobee Regulation Schedule

("LORS"). LORS allows the release of millions of gallons of polluted water into navigable rivers in Florida and into the Atlantic Ocean and the Gulf of Mexico, contributing to: pollution of these water bodies; harm to a variety of protected and endangered wildlife, including the West Indian manatee (*Trichechus manatus*); and exacerbation of the red tide that damages the environment and economy.

3. The information sought is of public concern because it relates to the federal management of the nation's navigable waters, our protected wildlife, and the implementation of public laws governing those activities.

4. The Center submitted on July 18, 2018, a FOIA request (18-241) to the Army Corps. The Army Corps acknowledged receipt of the request on July 25, 2018, and acknowledged that it had 20-working days under FOIA to respond to the request.

5. As of December 3, 2018, the date of this Complaint, the Army Corps has failed to respond to the request. This agency conduct violates FOIA.

6. Moreover, the Army Corps' failure to respond constitutes conduct that is unlawfully withheld and/or unreasonably delayed, in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

7. Plaintiff seeks a Court Order requiring the Army Corps to make a lawful determination and produce records responsive to the Center's FOIA request of July 19, 2018, no later than 20-working days after the date of the Order, as well as other appropriate relief.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to the claim occurred in

this District and because a substantial number of the records are likely located in this District.

10. Jurisdiction and venue are also proper under 5 U.S.C. §552(a)(4)(B) because a substantial number of the records are likely located in this District.

## III. PARTIES

11. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, nonprofit conservation organization that works through science, law, and policy to secure a future for all species, great or small, hovering on the brink of extinction. The Center is dedicated to the preservation, protection, and restoration of biodiversity and ecosystems throughout the world. The Center has more than 58,000 members. The Center and its members are harmed by Defendant's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the management of the nation's navigable waters, impacts to our protected wildlife, and the implementation of public laws governing those activities.

12. The Center informs, educates, and counsels the public regarding environmental issues, policies, and laws relating to environmental issues. Specifically, the Center works to provide its members and the public with a better understanding of the government's management of harms to the environment, such as water pollution, especially as these harms affect protected species of wildlife. The Center has been substantially involved in the management activities of numerous government agencies for years and has consistently displayed its ability to disseminate information granted to it through FOIA. Informing the public is central to the Center's mission. The Center educates and informs the public through media advocacy, its webpage and publications that are widely distributed.

13. Defendant U.S. ARMY CORPS OF ENGINEERS is an agency within the U.S. Department of Defense of the executive branch of the U.S. government. The Army Corps is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

**IV. STATUTORY BACKGROUND**

14. FOIA's basic purpose is government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552(b)(1)-(9).

15. FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA. Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20-working days of receiving a FOIA request, and it must make records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure. *Id.* § 552(a)(3)(A), (a)(6). Also within 20-working days, the agency must inform the requester that it has a right to appeal the agency's determination. *Id.* § 552(a)(6)(A)(i).

16. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

17. Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

18. First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

19. Second, an agency may extend the 20-working-day deadline for an additional 10-working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension which also requires that it provide the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i). However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

20. The Army Corps' FOIA regulations clarify that "the request shall receive prompt attention." Army Reg. 25-55.

21. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

22. FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

23. Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus created nine categories of exemptions. *Id.* § 552(b). These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

24. The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

25. Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

26. FOIA permits the Court to assess "reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).

## V. FACTUAL BACKGROUND

### A. The 2008 Lake Okeechobee Regulation Schedule and Biological Opinion.

27. The Army Corps manages water levels, or "stages," of Lake Okeechobee via LORS, which determines the timing and quantity of water released from the lake when water levels exceed defined seasonal regulatory levels.

28. The LORS provides for the discharge of billions of gallons of polluted Lake Okeechobee water into Florida's navigable rivers, which flow to the Atlantic Ocean and the Gulf of Mexico. The polluted water discharges harm the environment of these areas, including protected wildlife, such as the West Indian manatee, smalltooth sawfish, and five species of sea turtles. The polluted water also exacerbates problems of red tide and harms the local economy.

29. When the Army Corps approved the LORS in 2008, it was identified as an interim schedule, expected to last only until 2010.

30. On June 4, 2018, the U.S. Fish and Wildlife Service provided the Army Corps with a biological opinion concerning the effects of Lake Okeechobee water management on protected species, pursuant to the Endangered Species Act, 16 U.S.C. §§ 1531-1544. The biological opinion noted that the Army Corps had decided to extend the LORS until 2025.

31. As part of the Endangered Species Act consultation process in the biological opinion, the Army Corps determined that the LORS "may affect but is not likely to adversely affect" the West Indian manatee, a federally listed species under the Endangered Species Act.

32. The Army Corps' determination about the LORS informed the Fish and Wildlife Service's biological opinion, which ultimately concluded that LORS would not harm listed species. Accordingly, there is a significant public interest in learning what records, facts, and conclusions supported the Army Corps' determination.

**B. The Center's FOIA Request to the Army Corps.**

33. On July 19, 2018, the Center sent a request pursuant to FOIA to the Army Corps seeking: (1) the Decision File for the LORS, from January 1, 2015 to June 4, 2018; (2) records generated in connection with the Army Corps' decision to extend the original effective date of the LORS to 2025, as noted in a June 4, 2018 Biological Opinion by the Fish and Wildlife Service; (3) records generated in connection with and relied upon in the Army Corps' determination that the LORS "may affect but not likely to adversely affect" the West Indian Manatee, including but not limited to the records mentioning and/or referencing water quality and impacts to manatees; and (4) records of communications to and from Florida Crystals mentioning and/or referencing the LORS, from January 1, 2015 to June 4, 2018.

34. On July 25, 2018, the Army Corps Jacksonville District Office in Florida sent an email message to the Center acknowledging receipt of the FOIA request. The message also stated: "Our office has twenty (20) working days, excluding holidays, to process a request."

35. The Center emailed the Army Corps on November 6, 2018, noting that nearly four months had passed since the Center submitted the request and requesting a status update on the Army Corps' response.

36. A determination on the Center's FOIA request was due by August 22, 2018, which is 20-working days after the date of the Army Corps' acknowledgement of the Center's request.

37. As of the date of this Complaint, the Center has received no additional response from the Army Corps concerning the FOIA request.

38. The Army Corps' failure to respond is a violation of the FOIA and, in the alternative, the APA.

39. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's FOIA request. *Id.* § 552(b).

40. The Center has been required to expend resources to prosecute this action.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to Comply with FOIA's Mandatory Determination Deadline)**

41. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

42. The Army Corps' failure to respond with a final determination on Plaintiff's FOIA request and disclose the requested records is a violation of FOIA, 5 U.S.C. § 552, and the Army's own regulation, Army Reg. 25-55.

43. The Center has a statutory right to a lawful final determination from the Army Corps on the Center's Army Corps FOIA Request in a manner that complies with FOIA. The Army Corps has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

44. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Army Corps in the foreseeable future.

45. The Center's organizational activities will be adversely affected if the Army Corps continues to violate FOIA's disclosure provisions as it has in this case.

46. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Army Corps will continue to violate Plaintiff's rights to receive public records under FOIA.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(Failure to Disclose All Responsive Records to the Center)**

47. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

48. The Center has a statutory right to the records it seeks, and there is no legal basis for the Army Corps to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold records from the Center. *See* 5 U.S.C. § 552(b)(1)-(9).

49. The Army Corps has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

50. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in FOIA requests to the Army Corps in the foreseeable future.

51. The Center's organizational activities will be adversely affected if the Army Corps continues to violate FOIA's disclosure provisions as it has in this case.

52. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Army Corps will continue to violate the Center's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(Failure to Conduct an Adequate Search for All Responsive Records)**

53. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

54. The Center has a statutory right to have the Army Corps process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). The Army Corps violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's Army Corps FOIA Request.

55. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Army Corps in the foreseeable future.

56. The Center's organizational activities will be adversely affected if the Army Corps continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

57. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Army Corps will continue to violate the Center's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records)**

58. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

59. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

60. The Army Corps violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's Army Corps FOIA Request.

61. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Army Corps in the foreseeable future.

62. The Center's organizational activities will be adversely affected if the Army Corps is allowed to continue violating FOIA's disclosure provisions as it has in this case.

63. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Army Corps will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

**(In the Alternative to the First through Fourth Claims)**

64. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

65. The Army Corps unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose records that are responsive to the Center's FOIA request; (2) make a timely and lawful determination on the Center's FOIA request; (3) conduct a search that is reasonably calculated to locate all responsive records to the Center's FOIA request; (4) provide the Center with records that are responsive to the Center's FOIA request that are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to the Center's FOIA request in the event that records may be subject to an exemption. The Army Corps' failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

66. Alternatively, the Army Corps unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal: (1) to search for and disclose records that are responsive to the Center's FOIA request; (2) to make a timely and lawful determination on the Center's FOIA request; (3) to conduct a

search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request; (4) provide the Center with records that are responsive to the Center's FOIA request that may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) to provide the Center with reasonably segregable portions of records responsive to the Center's FOIA request which contain any material that may be lawfully withheld under an exemption(s). The Army Corps' failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

67. As alleged above, the Army Corps' failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

68. The Center has suffered a legal wrong as a result of the Army Corps' failure to comply with the mandates of FOIA. As alleged above, the Army Corps violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

69. The Center has no other adequate remedy at law to redress the violations noted above.

70. Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

**(In the Alternative to the First through Fifth Claims)**

71. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

72. The Army Corps violated FOIA's statutory mandates due to its failure and refusal because it failed to (1) search for and disclose records that are responsive to the Center's FOIA request; (2) make a timely and lawful determination on the Center's FOIA request; (3) conduct a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request; (4) provide the Center with records that are responsive to the Center's FOIA request which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to the Center's FOIA request which contain any material that may be withheld lawfully under an exemption(s). By repeatedly violating FOIA's statutory mandates, the Army Corps' actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

73. As alleged above, the Army Corps' repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

74. The Center has suffered a legal wrong as a result of the Army Corps' failure to comply with the mandates of FOIA. As alleged above, the Army Corps violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

75. The Center has no other adequate remedy at law to redress the violations noted above.

76. The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## VII. PRAYER FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests that the Court grant the following relief:

1. Order Defendant to conduct a search that is reasonably calculated to locate all records responsive to Plaintiff's FOIA request, with the cut-off date for such searches being the date that the searches are conducted, and to provide Plaintiff, by 20-working days from the Court's Order, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.
2. Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA requests is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).
3. Declare that Defendant's failure to properly apply FOIA exemptions, 5 U.S.C. § 552(b), is unlawful under FOIA, or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).
4. Declare that Defendant's failures to undertake a search for and disclose to Plaintiff all records that are responsive to Plaintiff's FOIA request, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5

U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

5. Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).
6. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.
7. Maintain jurisdiction over this action until the Army Corps is in compliance with FOIA, APA, and every order of this Court;
8. Grant Plaintiff such other relief as the Court deems just and proper.

DATED: December 3, 2018

Respectfully submitted,

*/s/ Jaclyn Lopez*

JACLYN LOPEZ, Trial Counsel
FL Bar No. 96445
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190
Fax: (520) 623-9797
jlopez@biologicaldiversity.org

*Attorney for Plaintiff*